UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>         Plaintiff,<br><br>v.<br><br>SERGEANT RUTLEDGE, et al.<br><br>         Defendants. | Case No.: 17-cv-00847-AJB-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. No. 11) |

  Presently before the Court is Plaintiff Kevin Hagan's ("Plaintiff") motion to appoint counsel filed on February 9, 2018. (Doc. No. 11.) Based on the reasoning below, the Court **DENIES** Plaintiff's motion **WITHOUT PREJUDICE**.

## **BACKGROUND**

  Plaintiff filed his complaint under the Civil Rights Act 42 U.S.C. § 1983 on April 26, 2017, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. (*See generally* Doc. No. 1.) The same day, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), which was granted on July 28, 2017. (Doc. Nos. 2, 5.) On January 9, 2018, the Court set a hearing for dismissal for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m) as to Defendants. (Doc. No. 7.) The hearing took

1

17-cv-00847-AJB-AGS

place on February 1, 2018, with Plaintiff appearing telephonically. (Doc. No. 9.) Plaintiff informed the Court that the person who had been assisting him with his case was no longer available and that he was unsure if he had received the summons and U.S. Marshal Form 285 needed to properly serve Defendant Rutledge. Based upon these representations, the Court extended the time for Plaintiff to serve Defendant for a period of ninety days and requested that Form 285 be re-sent to Plaintiff. (*Id.*) The IFP packet and summons sent to Plaintiff was returned as "refused" on February 13, 2018. (Doc. No. 12.) On February 9, 2018, Plaintiff filed the instant matter, his motion to appoint counsel. (Doc. No. 11.)

## LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent "litigant may lose his [or her] physical liberty if he [or she] loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. However, this discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)).

## DISCUSSION

Plaintiff's motion for appointment of counsel states that he is unable to read or write and that he suffers from depression and anxiety.[1] (Doc. No. 11 at 1.) Further, the motion provides that the inmate who had been helping Plaintiff with his paperwork was moved to another prison. (*Id.* at 2.)

---

[1] Plaintiff's motion was written by Raul Arellano, another inmate, who states that he is unable to assist Plaintiff as he is litigating his own set of cases. (Doc. No. 11 at 1–2.)

The Court highlights that allegations of poor mental health and inadequate education are usually exceptional circumstances that at times justify appointment of counsel. However, as currently pled, Plaintiff's motion is entirely devoid of any legal or factual substance to establish that he lacks the education to properly litigate his claims or that his mental disability impedes his ability to prosecute his case. Without such documentation, the Court has nothing on which it can make the required determination regarding appointment of counsel. *See Porchia v. Gower*, No. 2:15-cv-0021 JAM AC P (TEMP), 2016 WL 93257, at *2 (E.D. Cal. Jan. 7, 2016); *see also Martinez v. Beard*, Civil No. 13-CV-1457-BTM (WVG), 2015 WL 5331239, at *4–5 (S.D. Cal. Sept. 14, 2015) (examining the plaintiff's State of California Mental Health Placement Chrono, education files, and academic transcripts to see if the plaintiff should be appointed counsel based on his lack of education and mental disability). Accordingly, Plaintiff's motion for appointment of counsel must be **DENIED**.

## CONCLUSION

As explained in more detail above, Plaintiff's motion for appointment of counsel is **DENIED**, but **WITHOUT PREJUDICE** so that Plaintiff may re-file the motion with the appropriate documentation supporting his claims of disability.

**IT IS SO ORDERED**.

Dated: February 20, 2018

Hon. Anthony J. Battaglia
United States District Judge